Michael J. Wise, Esq. (SBN 171836)
Wise Law Group, PC
428 J Street, Suite 200
Sacramento, CA 95814
Tel: (916) 498-9473
Fax: (916) 476-4023

Attorneys for Defendant

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>vs.<br><br>ALBERT TORAIN GURLEY,<br><br>    Defendant. | No.: CR-S-11-424 KJM<br><br>STIPULATION AND ORDER REGARDING RELEASE PENDING SENTENCING (18 USC § 3143)<br><br>Date: November 14, 2012<br>Time: 9:00 am<br>Judge: Kimberly J. Mueller |

    IT IS HEREBY STIPULATED by and between the parties hereto through their respective counsel, Jason Hitt, Assistant United States Attorney, attorney for Plaintiff, and Michael J. Wise, attorney for Defendant, ALBERT TORAIN GURLEY, that extraordinary circumstances do exist and warrant defendant ALBERT TORAIN GURLEY to remain at liberty pending sentencing in this matter pursuant to 18 USC § 3143.

    <u>History of the Case</u>:

    On or about September 28, 2011 the defendant was indicted for three counts violations of 21 USC § 841 (a)(1) for possession, distribution, and intent to distribute cocaine base.

    Following his initial detention, Defendant Gurley was granted pretrial release based on special conditions imposed by this Court.

On August 28, 2012 Defendant entered a plea of guilty to counts one and two of violations of 21 USC § 841(a)(1) and is scheduled for sentencing on November 14, 2012. Under ordinary circumstances, due to the nature of the violations, Defendant would have been remanded at the time of entry of his plea. However, Defendant urged the Court to consider exceptional reasons, personal to the Defendant and his family, for continued pretrial release pending sentencing. The Court requested that a stipulation and proposed order be submitted.

Pertinent Facts:

a. Sole Financial Provider of His Family:

Defendant is the sole financial support of his wife and five children. Defendant recently learned that his wife is expecting their sixth child. Defendant's company recently was awarded a $25,000 contract with CalTrans and Defendant desperately needs to complete this contract in order to help with the continued support of his family while he is incarcerated.

b. Housing Issues:

The Defendant's home is currently in short sale. Defendant is needed to help locate and secure housing for his family. With his wife unemployed and pregnant with five other children including 1 year old twins it will be almost impossible for her to secure housing without Defendant's help.

c. Family Illness:

Defendant's mother-in-law is suffering from stage IV breast cancer and is currently in treatment. Defendant's mother-in-law is very dependent on Defendant and his wife for daily caretaking, such as cooking, cleaning etc.

In addition to Defendant's mother-in-law, Defendant's grandmother is gravely ill with lung disease and currently resides in a care facility. Defendant is very close with his grandmother and would like to spend as much time possible with her prior to his incarceration as it is very unlikely that she will survive the duration of his sentence.

///

Applicable Law:

18 USC § 3143 speaks to the requirement of detaining an individual who has entered a guilty plea to an offense such as 21 USC § 841(a)(1) and routinely defendants who were on pre-trial release are remanded into custody to await sentencing. However, 18 USC § 3145(c) provides that in instances where exceptional reasons exist and that pre-sentence detention would not be appropriate, a defendant may still be ordered released.

The 9th Circuit has identified the type of circumstances a judge should consider in determining whether to allow a defendant to remain out of pretrial release pending sentencing. Those circumstances are found in *US v. Garcia 340 F.3d 1013 (9th Cir. 2003) beginning at 1018 supra...* and follows with, not an exclusive list, but what, in the exercise of a court's discretion would be considered unusual to the situation facing the particular defendant. The gist of what the court appears to be getting at is that hardships that commonly result from imprisonment do not meet the standard, but that things such as: interruption of a course of rehabilitation (*Garcia, supra. at 1018 citing US v. Charger, 918 F. Supp.301, 303-04 (D.S.D. 1996;* and poor personal health requiring treatment out of a custody environment *(Garcia, supra. at 1020, 1021)*

Conclusion:

Given that "exceptional reasons" appear to be: any found by the court in the exercise of its discretion being unique and not common to most defendants with an added component of an evaluation of unique harm suffered by the defendant or society, Mr. Gurley's case appears to be one with exceptional reasons.

(1) He is vital to the assistance of family in that he is the only financial support to his wife and five children. Allowing Defendant the opportunity to complete a secured contract will provide his family some financial sustainability while making the transition to him serving his Federal Prison Sentence.

(2) He is vital to care of his ill mother-in-law who is dependent on Defendant and defendant's wife's care.

3

(3) This time will afford Defendant an opportunity to spend time with his ailing grandmother.

(4) He is a vital component to securing alternative housing for his family so that he can ensure that his children and wife have a place to live while he is serving his sentence.

Dated: September 7, 2012								Respectfully submitted,

												WISE LAW GROUP


												*/s/ Michael J. Wise*
												MICHAEL J. WISE
												Attorney for Defendant
												ALBERT TORAIN GURLEY


												BENJAMIN B WAGNER
												United States Attorney


												*/s/ Michael J. Wise for*
												JASON HITT
												Assistant US Attorney
												Attorney for Plaintiff

**\*\*ORDER\*\***

Based on the reasons set forth of the parties filed on September 7, 2012, and good cause appearing therefrom, the Court adopts the stipulation of the parties in its entirety. IT IS HEREBY ORDERED that the defendant ALBERT TORAIN GURLEY shall remain at liberty until his sentencing date of November 14, 2012.

Dated: September 11, 2012.

												_____
												UNITED STATES DISTRICT JUDGE

4